Kristopher P. Badame, Esq. SBN: 210349
Joseph H. Hunter, Esq. SBN: 137796
Michele E. Pillette, Esq., SBN: 262031
**BADAME & ASSOCIATES, APC**
25432 Trabuco Road, Suite 207
Lake Forest, CA  92630
(949) 770-2867
(866) 230-3044 – FAX
kbadame@badameandassociates.com

Attorneys for PLAINTIFFS, and all those similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. ZAMMETTI, MICHAEL J. LOWRY, individually, and on behalf of all those similarly situated,<br><br>   Plaintiffs,<br><br>  vs.<br><br>SOUTHWEST AIRLINES, CO., and DOES 1 through 50, inclusive,<br><br>   Defendants. | Case No.:<br><br>**PLAINTIFFS' CLASS ACTION COMPLAINT FOR:**<br>1. **UNFAIR OR UNLAWFUL BUSINESS PRACTICES PURSUANT TO BUS. & PROF. CODE SECTION 17200 ET SEQ.;**<br>2. **VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW PURSUANT TO BUS. & PROF. CODE SECTION 17500 ET SEQ.;**<br>3. **BREACH OF CONTRACT;**<br>4. **FRAUDULENT CONCEALMENT;**<br>5. **INTENTIONAL MISREPRESENTATION;**<br>6. **NEGLIGENT MISREPRESENTATION;**<br>7. **BREACH OF COVENANT OF FAIR DEALING;**<br>8. **WILLFUL MISCONDUCT;**<br>9. **UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

**Class Action Complaint for Damages**

# I.   <u>JURISDICTION & VENUE</u>

1.     This Court has diversity jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds $75,000, exclusive of interests and costs, Plaintiffs are California residents, and Defendant is a Texas corporation with its principal place of business in Texas. In addition, the action is brought as a class action pursuant to *Federal Rules of Civil Procedure*, Rule 23 and 28 U.S.C. §1332 (d), the *Class Action Fairness Act*, on behalf of a class that exceeds 100 people, that involves more than $5,000,000 in controversy, and where the citizenship of at least one member of the class is diverse from that of Defendants.

2.     Plaintiffs, ROBERT J. ZAMMETTI, MICHAEL J. LOWRY, individually, and in a representative capacity and on behalf of all other similarly situated persons who were damaged by DEFENDANTS fraudulent, deceptive, and misleading business practices in the State of California (hereinafter collectively known as "PLAINTIFFS"), make the allegations contained herein.

3.     PLAINTIFFS are, and at all relevant times referenced herein, present and/or former residents of the State of California.  PLAINTIFFS are current and/or former customers of Defendant SOUTHWEST AIRLINES, CO., and DOES 1 through 50 (hereinafter collectively known and referred to as "SOUTHWEST" or "DEFENDANTS").

4.     Defendant SOUTHWEST is a publicly held company incorporated under the laws of the State of Texas.  Defendant SOUTHWEST'S headquarters and principal place of business is Dallas, Texas.

5.     Defendant SOUTHWEST is a company organized and existing under the laws of the State of California and doing business in counties throughout California, including Orange County.  Defendant is a Commercial Airliner.  Defendant currently operates in and out of the following airports located within the State of California: Bob Hope Airport- Burbank, Los Angeles International Airport, Oakland International Airport, Ontario International Airport, John Wayne Airport- Orange County, Sacramento International Airport, Lindberg Field- San Diego International Airport, San Francisco International Airport, Mineta San Jose International Airport.

6.      PLAINTIFFS lack sufficient information and belief to allege the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive.  For that reason, PLAINTIFFS sue said fictitiously named defendants by such fictitious names.  When the true names, nature and capacity of said fictitiously named defendants are ascertained, PLAINTIFFS shall amend this Complaint accordingly.  At all times herein mentioned, all DEFENDANTS herein, whether named or unnamed were and are responsible and liable to PLAINTIFFS for all of the PLAINTIFFS' damages and other relief prayed for herein.  PLAINTIFFS allege on information and belief that at all times herein mentioned, each of the defendants herein, whether named or unnamed, was the agent, servant employee, co-conspirator, co-adventurer, and employee of each other defendant herein, whether named or unnamed.  With respect to each action and inaction pled in the following paragraphs, each of the defendants, whether named or unnamed, was acting within the course and scope of their agency and employment and was acting with the full knowledge, consent, ratification and approval of each other defendant herein, whether named or unnamed.

7.      Venue is proper in this Court and judicial district under 28 *U.S.C.* § 1391 because DEFENDANTS' conduct and conducted substantial business within this judicial district and maintain offices in this judicial district, (ii) the causes of action alleged herein arose in whole or in part in this judicial district, and (iii) DEFENDANTS committed wrongful conduct against members of the class in this district.

## II.   FACTUAL BACKGROUND FOR ALL CLASS CLAIMS

8.      On or about August 8, 2013, Plaintiff Robert ZAMMETTI purchased "Wanna Get Away" airline tickets on Defendant SOUTHWEST'S airline for roundtrip travel between San Diego, California, and Detroit, Michigan. At the time of purchase, Plaintiff ZAMMETTI selected and purchased the add-on of "Early Bird Check-in" (Hereinafter referred to and/or identified as either "Early Bird Check in" or "Early Bird") as to receive a priority boarding position.  Plaintiff ZAMMETTI was deceptively enticed into "adding-on" "Early-Bird" priority boarding to his upcoming flight to his above-referenced roundtrip flight on Defendant

**Class Action Complaint for Damages**

SOUTHWEST'S Airline.  The "Early Bird Check-in" add-on costs $12.50 per flight segment, or $25.00 for a roundtrip flight.

9.     At the time of boarding, Plaintiff ZAMMETTI contacted and identified numerous individuals that received a higher boarding position than he had received at the time of check in.  None of these individuals purchased Defendant SOUTHWEST'S deceptive and misleading "Early Bird Check-in" add-on to receive priority boarding.  Furthermore, these individuals had purchased either an "Anytime" or "Wanna Get Away" fares respectively.

10.     On or about March 3, 2014, Plaintiff Michael LOWRY purchased "Wanna Get Away" airline tickets on Defendant SOUTHWEST'S airline for roundtrip travel between Los Angeles, California, and Indianapolis, Indiana. After completing travel on a previous SOUTHWEST flight, wherein, Plaintiff Michael LOWRY received "B" boarding group assignment, Plaintiff LOWRY was deceptively enticed into "adding-on" Early-Bird" priority boarding to his upcoming flight to Indianapolis, Indiana.  The "Early Bird Check-in" add-on costs $12.50 per flight segment, or $25.00 for a roundtrip flight.

11.     At the time of boarding, Plaintiff LOWRY contacted and identified numerous individuals that received a higher boarding position than he had received at the time of check in. None of these individuals purchased Defendant SOUTHWEST'S deceptive and misleading "Early Bird Check-in" add-on to receive priority boarding. Furthermore, these individuals had purchased either an "Anytime" or "Wanna Get Away" fares respectively.

12.     Defendant SOUTHWEST'S boarding procedure assigns boarding positions based upon the time a customer checks in for their flight.  Ticketed passengers are able to check in and receive their boarding assignment (Group and number) from twenty-four (24) hours before the flight's time of departure up to and including the departure time of the flight. The earlier a customer checks in, the higher the boarding position that customer receives- subject to DEFENDANT'S published (misleading) AND unpublished (deceptive) boarding policies and procedures.

13.     Defendant SOUTHWEST divides customers into three boarding groups: A, B, and C. Each letter group contains approximately sixty (60) boarding positions, each of which is

assigned to one customer. Defendant SOUTHWEST assigns customers to a boarding letter group and boarding number within that group based upon the time the customer checks in for the flight, for a boarding number such as (for example) "B10." This denotes that the customer will be in the second boarding group, boarding after the A group, and will be the tenth person to board within the B group.

14.     Defendant SOUTHWEST reserves boarding numbers A one through fifteen (1-15) on every flight for "Business Select" fares. Defendant SOUTHWEST claims on its website, under the "How do I get an A boarding pass," question within the "Boarding Procedures Frequently Asked Questions," that "Rapid Rewards A-List Preferred" members, "Rapid Rewards A-List" members, and customers who purchase "Early Bird Check-in" add-ons have their boarding positions reserved before general check-in begins, subject to DEFENDANT'S published (misleading) AND unpublished (deceptive) boarding policies and procedures. Periodically and subject to availability, while at the gate, Defendant SOUTHWEST customers may upgrade their boarding position to an open position within A one through fifteen (1-15-Business Select for a $40 upgrade fee. This upgrade fee guarantees a boarding position within A one through fifteen (1-15 - Business Select), but does not offer any other Business Select Fare benefits.

15.     Defendant SOUTHWEST offers the "Early Bird Check-in" add-on to guarantee automatic check-in and assign a "priority" boarding position thirty-six (36) hours before the flight's departure time, twelve (12) hours before general check-in begins, which occurs twenty-four (24) hours prior to departure. The "Early Bird Check-in" add-on costs $25 for each round trip flight ($12.50 each way).

16.     According to Defendant SOUTHWEST'S published (misleading) AND unpublished (deceptive) boarding policies and procedures, neither "Anytime" or "Wanna Get Away" fares have priority over one another in determining boarding position, with only "Business Select" fares receiving priority over all other fare types.

17.     The "Early Bird Check-in Frequently Asked Questions" section of Defendant SOUTHWEST'S website claims that customers who have purchased "Anytime" fares will

**Class Action Complaint for Damages**

receive priority over other fare types that are assigned their position based on the timestamp of the "Early Bird Check-in" purchase. This is in direct contradiction to the aforementioned published (misleading) AND unpublished (deceptive) boarding policies and procedures, wherein neither "Anytime" or "Wanna Get Away" fares have "priority" over one another in determining boarding position, with only "Business Select" fares receiving priority over all other fare types.

18.     This is ambiguous and misleading as to whether or not an "Anytime" fare must have the "Early Bird Check-in" add-on to receive "priority" over "Wanna Get Away" fares, or if an "Anytime" fare on its own, without the "Early Bird Check-in" add-on, will receive "priority" over "Wanna Get Away" fares. Either of these interpretations gives customers who are fraudulently enticed into purchasing "Anytime" fares priority over customers who purchase "Wanna Get Away" fares, in direct contradiction with the aforementioned published (misleading) AND unpublished (deceptive) boarding policies and procedures, wherein neither "Anytime" or "Wanna Get Away" fares have "priority" over one another in determining boarding position, with only "Business Select" fares receiving priority over all other fare types. Thus, the "Early Bird Check-in" add-on is misleading, fraudulent, and deceptive in nature.

19.     If this deceptive business practice was known to the public, Defendant SOUTHWEST'S windfall of revenue based on misleading, deceptive, and fraudulent business practices would not exist because if customers were properly informed, as opposed to constructively and/or intentionally misled, they would NOT purchase the illusory "Early Bird" priority boarding add-on, and/or would NOT purchase a fare from Defendant SOUTHWEST.

20.     Defendant SOUTHWEST entices customers who have purchased "Wanna Get Away" or "Anytime" fares to purchase the "Early Bird Check-in" add-on to receive "priority" boarding over other customers. However, based upon the aforementioned published (misleading) AND unpublished (deceptive) boarding policies and procedures, "Anytime" fares receive priority boarding over "Wanna Get Away" fares outright, thus those with "Anytime" fares who purchase the "Early Bird Check-in" add-on only receive priority boarding over other "Anytime" fares, creating a fiction of "priority boarding." Alternatively, based upon the aforementioned published (misleading) AND unpublished (deceptive) boarding policies and procedures,

**Class Action Complaint for Damages**

"Anytime" fares with the "Early Bird Check-in" add-on receive priority over all other fare types, thus making "Wanna Get Away" fares with the "Early Bird Check-in" add-on subordinate and creating a fiction of "priority boarding." Thus, Defendant SOUTHWEST'S "Early- Bird" priority boarding is not only fiction in nature, but completely illusory as advertised. Therefore, if this deceptive business practice was known to the public, Defendant SOUTHWEST'S windfall of revenue based on misleading, deceptive, and fraudulent business practices would not exist because if customers were properly informed, as opposed to constructively and/or intentionally misled, they would NOT purchase the illusory "Early Bird" priority boarding add-on, and/or would NOT purchase a fare from Defendant SOUTHWEST.

21.     The "Early Bird Check-in Frequently Asked Questions" section of Defendant SOUTHWEST'S website states that the number of "Early Bird Check-in" add-ons will NOT be limited on each flight, allowing all eligible customers to purchase the "Early Bird Check-in" add-on. This means that all boarding positions on the plane (with the exception A one through fifteen (1-15) for "Business Select" fares), which included Group "A" sixteen through sixty (16-60), Group "B" one through sixty (1-60) and Group "C" one through sixty (1-60), may purchase the "Early Bird Check-in" add-on to receive "priority boarding." Thus, a customer may purchase the "Early Bird Check-in" add-on and still receive a boarding position of C sixty (C60), the last boarding position of the flight, thus creating a fiction of "priority boarding," and making the "Early Bird Check-in" add-on misleading, fraudulent, and deceptive in nature.

22.     If this deceptive business practice was known to the public, Defendant SOUTHWEST'S windfall of revenue based on misleading, deceptive, and fraudulent business practices would not exist because if customers were properly informed, as opposed to constructively and/or intentionally misled, they would NOT purchase the illusory "Early Bird" priority boarding add-on, and/or would NOT purchase a fare from Defendant SOUTHWEST.

23.     In addition, Defendant SOUTHWEST'S misleading, fraudulent, and deceptive boarding algorithm **further perpetuates** Defendant SOUTHWEST'S fiction of "priority boarding." Based upon the aforementioned published (misleading) AND unpublished (deceptive) boarding policies and procedures, customers who purchase the "Early Bird Check-in" add-on are

**Class Action Complaint for Damages**

checked-in and have their boarding position reserved thirty-six (36) hours prior to flight departure.  As stated previously, all non- "Early-Bird" "priority" boarding customers can receive their boarding position starting twenty-four (24) hours prior to flight departure.  However, what the consumer does not know is that SOUTHWEST "reserves" a certain number of "A" boarding positions for "Rapid Rewards A-list preferred" and "Rapid Rewards A-list" members (not to be more thoroughly confused with SOUTHWEST'S "A" Boarding group identification).  In addition, Defendant's "Early Bird" priority program does not take into account for the passenger cancellations that occur from thirty-six (36) hours up until flight departure.  Thus, a customer can check in at the airport thirty (30) minutes prior to the subject flight and receive a HIGHER/BETTER boarding position than ALL "Early-Bird" priority add-on customers, "Anytime" fare purchasers, and/or "Wanna Get Away" fare purchasers.

24.    This reverse algorithm, so to speak, does NOT reshuffle the pre-assigned boarding assignments upon a cancellation of ticketed passengers, thus creating even more deception to the enticed and illusory "Early Bird" add-on fee.  If this algorithm deficiency was known to the public, Defendant SOUTHWEST'S windfall of revenue based on misleading, deceptive, and fraudulent business practices would not exist because if customers were properly informed, as opposed to constructively and/or intentionally misled, they would NOT purchase the illusory "Early Bird" priority boarding add-on, and/or would NOT purchase a fare from Defendant SOUTHWEST.

25.    Furthermore, Defendant SOUTHWEST'S major advertising and marketing campaign/slogan is that on SOUTHWEST "BAGS FLY FREE".  This "BAGS FLY FREE" marketing slogan is directly responsible for Defendant SOUTHWEST'S market share in the airline industry.  This is misleading by the very nature of the definition and connotation of the words.  The bags do NOT fly free.  In fact, SOUTHWEST "hides" the baggage fee and recovers their fuel-cost offset revenue under the guise of the deceptive "priority" "Early Bird" boarding program. Therefore, if this deceptive business practice was known to the public, Defendant SOUTHWEST'S windfall of revenue based on misleading, deceptive, and fraudulent business practices would not exist because if customers were properly informed, as opposed to

**Class Action Complaint for Damages**

constructively and/or intentionally misled, they would NOT purchase the illusory "Early Bird"

priority boarding add-on, and/or would NOT purchase a fare from Defendant SOUTHWEST.

26.   Defendant SOUTHWEST uses this marketing slogan to entice customers to purchase tickets on DEFENDANT'S Airline.  The reason that they do not charge their customers for checked bags is because they offset the added fuel cost of the checked baggage by the windfall of revenue generated from their deceptive, fraudulent, and misleading "Early Bird Check-in" scam of $25 per roundtrip flight.  *These deceptive policies, procedures, and practices of Defendant SOUTHWEST allow them to increase revenues at the expense of the general public and THEIR competitors, thereby violating California Unfair Competition Law to the core.*

27.   This action is brought as a representative class action to recover for ALL damages owed to PLAINTIFFS by Defendant SOUTHWEST, and DOES 1 through 50, as well as their subsidiaries, predecessors and affiliated companies ("DEFENDANTS" or "SOUTHWEST"), based on Defendant SOUTHWEST'S deceptive, misleading, and fraudulent "Early-Bird" priority boarding  scam, which clearly violates *California Business & Professions Code* sections 17200-17208 ("UCL").

28.   Plaintiffs Robert J. ZAMMETTI and Michael J. LOWRY (hereinafter collectively referred to as "PLAINTIFFS") bring this collective and class action individually, and in a representative capacity and on behalf of all other similarly situated current and former, customers of Defendant SOUTHWEST within the State of California, who have purchased Airline tickets and/or "Early Bird" priority boarding from Defendant SOUTHWEST, from the time period of four (4) years prior to filing of the Complaint to present.

29.   Defendant SOUTHWEST'S actions, as detailed above, were part of a statewide and/or nationwide corporate plan and scheme, which affected all customers who purchased Airline tickets and/or "Early Bird" priority boarding from Defendant SOUTHWEST.  As a direct and proximate result of SOUTHWEST'S illegal, company-wide plan, practice and scheme, each of the PLAINTIFFS were:  (1) deceived into buying airline tickets for travel from Defendants;  (2) deceived into purchasing "Early-Bird" priority boarding under false and misleading pretenses; (3) victimized by SOUTHWEST'S policies and practices set forth herein.

**Class Action Complaint for Damages**

PLAINTIFFS are entitled to recover all fees paid to Defendant SOUTHWEST, and DOES 1 through 50, under these deceptive, misleading, and fraudulent business practices in violation of well-settled California Unfair Competition Law, civil penalties, punitive damages, attorneys' fees and costs, and interest as authorized by California law.

30.     PLAINTIFFS respectfully request that the Court order notice to all similarly situated current and former customers of Defendant SOUTHWEST within the State of California, who have purchased Airline tickets and/or "Early Bird" priority boarding from Defendant SOUTHWEST, from the time period of four (4) years prior to filing of the Complaint to present, informing them of the pendency of this action.  PLAINTIFFS will also seek class certification pursuant to *Federal Rules of Civil Procedure*, Rule 23, with Court approved notice.

31.     PLAINTIFFS allege, upon information and belief, that Defendant SOUTHWEST, a Texas corporation is, at all times referenced herein, a corporation and/or other business entity organized and existing under the laws of the State of California.

32.     PLAINTIFFS are/were customers of Defendant SOUTHWEST in California during the applicable statute of limitations period.  PLAINTIFFS are/were customers of Defendant SOUTHWEST and/or its affiliates in California and PLAINTIFFS set forth the identity of such DEFENDANTS by virtue of Defendant SOUTHWEST'S corporate documents and other documents.

33.     The true names and capacities of Defendants, DOES 1 through 50, inclusive, are presently unknown to PLAINTIFFS, who therefore sue said Defendants by such fictitious names.  PLAINTIFFS will seek leave of court to amend this Complaint to insert the true names and capacities of said fictitiously named Defendants when the same have been ascertained.

34.     PLAINTIFFS allege that Defendant SOUTHWEST and DOES 1 through 50, inclusive, acted together in committing the violations of the California *Business and Professions Code sections 17200, 17500, et seq.*, and other laws/regulations alleged herein.

35.     PLAINTIFFS are informed and believe, and thereon allege, that each of the Defendant DOES designated herein is contractually, vicariously, or legally responsible in some manner for the events and happenings hereinafter alleged, either through said Defendant DOES'

**Class Action Complaint for Damages**

own conduct or through the conduct of its agents, servants, consultants, joint ventures and

employees, and each of them, or in some other manner.

36.     PLAINTIFFS are informed and believe, and thereon allege, that at all relevant

times herein mentioned, each of the DEFENDANTS was the agent, representative, principal,

servant, employee, partner, alter ego, joint venture, successor-in-interest, assistant and/or

consultant of each and every remaining DEFENDANT, and as such, was at all times acting

within the course, scope, purpose and authority of said agency, partnership and/or employment,

and with the express or implied knowledge, permission, authority, approval, ratification, and

consent of the remaining DEFENDANTS, and each DEFENDANT was responsible for the acts,

alleged herein, were "employers" as set forth by California law, and all DEFENDANTS herein

were also negligent and reckless in the selection, hiring and supervision of each and every other

DEFENDANT as an agent, representative, principal, servant, employee, partner, alter ego, joint

venture, successor-in-interest, assistant and/or consultant.

### III.   <u>CLASS ACTION SUB-CLASS IDENTIFICATION</u>

37.     **<u>DEFINITION OF CLASS</u>** - PLAINTIFFS bring this action as a class action

pursuant to *Federal Rules of Civil Procedure*, Rules 23(a) and 23(b) (3) on behalf of themselves

and the following class and subclasses of customers and former customers of Defendant

SOUTHWEST within the State of California who, within the Liability Period, have purchased

Airline tickets and/or Early Bird boarding from Defendant SOUTHWEST. In addition,

PLAINTIFFS seek class certification pursuant to *Federal Rules of Civil Procedure*, Rules 23(a)

and 23(b) (3), California unfair competition law, as well as case and statutory law, on behalf of

themselves and the following class or classes of customers and former customers of Defendant

SOUTHWEST, who, within the Liability Period, have purchased Airline tickets and/or Early

Bird boarding from Defendant SOUTHWEST:

38.     "**<u>EARLY BIRD</u>" <u>PRIORITY BOARDING CLASS</u>** – Plaintiffs, Robert J.

ZAMMETTI and Michael J. LOWRY, individually, and in a representative capacity and on

behalf of all other similarly situated current and former SOUTHWEST customers, within the

**Class Action Complaint for Damages**

State of California, who have purchased Early Bird Boarding from Defendant SOUTHWEST from the time period of four (4) years prior to filing of the Complaint to present, in reliance on Defendant SOUTHWEST'S deceptive, misleading, and fraudulent business practices, in violation of California's unfair competition law, *California Business & Professions Code* section 17200 et seq.

39. **WANNA GET AWAY FARE PURCHASE WITH "EARLY BIRD" PRIORITY BOARDING CLASS**

Plaintiffs, Robert J. ZAMMETTI and Michael J. LOWRY, individually, and in a representative capacity and on behalf of all other similarly situated current and former SOUTHWEST customers, within the State of California, who have purchased "Early Bird" Priority Boarding, in addition to purchasing Defendant SOUTHWEST'S Wanna Get Away fare from the time period of four (4) years prior to filing of the Complaint to present, in reliance on Defendant SOUTHWEST'S deceptive, misleading, and fraudulent business practices, in violation of California's Unfair Competition Law, *California Business & Professions Code* section 17200 et seq.

40. **ANYTIME FARE PURCHASE WITH "EARLY BIRD" PRIORITY BOARDING CLASS**

Plaintiffs, Robert J. ZAMMETTI and Michael J. LOWRY, individually, and in a representative capacity and on behalf of all other similarly situated current and former SOUTHWEST customers, within the State of California, who have purchased "Early Bird" Priority Boarding, in addition to purchasing Defendant SOUTHWEST'S Anytime fare from the time period of four (4) years prior to filing of the Complaint to present, in reliance on Defendant SOUTHWEST'S deceptive, misleading, and fraudulent business practices, in violation of California's Unfair Competition Law, *California Business & Professions Code* section 17200 et seq.

41. **WANNA GET AWAY FARE PURCHASE CLASS** – Plaintiffs, Robert J. ZAMMETTI and Michael J. LOWRY, individually, and in a representative capacity and on behalf of all other similarly situated current and former SOUTHWEST customers, within the State of California, who have purchased Defendant SOUTHWEST'S Wanna Get Away fare

from the time period of four (4) years prior to filing of the Complaint to present, in reliance on Defendant SOUTHWEST'S deceptive, misleading, and fraudulent business practices, in violation of California's Unfair Competition Law, *California Business & Professions Code* section 17200 et seq..

42.     **ANYTIME FARE PURCHASE CLASS** - Plaintiffs, Robert J. ZAMMETTI and Michael J. LOWRY, individually, and in a representative capacity and on behalf of all other similarly situated current and former SOUTHWEST customers, within the State of California, who have purchased Defendant SOUTHWEST'S Anytime fare from the time period of four (4) years prior to filing of the Complaint to present, in reliance on Defendant SOUTHWEST'S deceptive, misleading, and fraudulent business practices, in violation of California's Unfair Competition Law, *California Business & Professions Code* section 17200 et seq.

### IV.   *FEDERAL RULES OF CIVIL PROCEDURE RULE* 23 CLASS ACTION REQUIREMENTS

43.     **NUMEROSITY** - Based on information and belief, the members of the putative class greatly exceeds 10,000 persons. This number may increase, depending upon the information obtained from Defendant SOUTHWEST over the applicable statutory period prior to the filing of this Complaint.

44.     **COMMONALITY** - There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class including, but not limited to, the following: Common questions of fact and law exist as to all class and subclass members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected all current and former SOUTHWEST customers who have purchased Airline tickets and/or Early Bird boarding from Defendant SOUTHWEST, within the State of California, during the statutory time period.  Specifically, common questions include, but are not limited to:

a.     Whether Defendant SOUTHWEST violated *California Business & Professions Code* section 17200 et seq., with its false, deceptive, fraudulent, and misleading business practices;

**Class Action Complaint for Damages**

b.　　　Whether Defendant SOUTHWEST violated *California Business & Professions Code* section 17500 et seq., with its false, deceptive, fraudulent, and misleading business advertising practices;

c.　　　Whether Defendant SOUTHWEST fraudulently concealed, omitted, and or failed to disclose material facts;

d.　　　Whether Defendant SOUTHWEST intentionally misrepresented material facts to a substantial segment of its audience;

e.　　　Whether Defendant SOUTHWEST negligently misrepresented material facts to a substantial segment of its audience;

f.　　　Whether Defendant SOUTHWEST breached the covenant of good faith and fair dealing to a substantial segment of its audience;

g.　　　Whether Defendant SOUTHWEST has been unjustly enriched through its false, deceptive, fraudulent, and misleading business practices;

h.　　　Whether members of the Class are entitled to actual damages, entry of final judgment and injunctive relief compelling Defendant SOUTHWEST to cease its fraudulent and deceptive business practices;

i.　　　Whether Defendant SOUTHWEST deliberately misrepresented or failed to disclose material facts to Plaintiffs and the Class; and

j.　　　Whether Defendant SOUTHWEST'S conduct constitutes an unconscionable business practice.

45.　　**TYPICALITY** - The claims of the Named PLAINTIFFS are typical of the claims of the class members.  The Named PLAINTIFFS were subject to the same violations of applicable rights under California law and seek the same type of damages, restitution, and other relief on the same theories and legal grounds as those of the class members they seek to represent.

46.　　**ADEQUACY OF REPRESENTATION** – Pursuant to *Federal Rules of Civil Procedure* Rule 23 (a)(4), Members of a class may sue as representatives on behalf of the class only if they "will fairly and adequately protect the interests of the class".  The Representative

PLAINTIFFS in the case at bar will fairly and adequately represent and protect the interests of the Class members, as they have intricate knowledge of Defendant SOUTHWEST'S wrongdoings, have suffered injury themselves, and will prosecute the action vigorously on behalf of the class.  PLAINTIFFS' Counsel are competent and experienced in litigating consumer class actions, complex litigation matters, employment class actions, and other class actions involving violations of the unfair competition law similar to the present claims.

47.    **SUPERIORITY** -  This class action is superior to other available means for the fair and efficient adjudication of the claims of the Class Members.  It would be virtually impossible for the Class Members to individually obtain redress for the wrongs done to them.  Even if the individual Class Members could afford such individual litigation, the court system could not.  Individualized litigation presents a potential for inconsistent or contrary judgments.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

48.    Class certification is appropriate under *Federal Rules of Civil Procedure, Rule* 23(b)(3) because questions of law and fact common to the class members predominate over any questions affecting only individual class members.  Each class member has been damaged and is entitled to recovery by reason of Defendant SOUTHWEST'S unlawful, unfair, deceptive, misleading, and fraudulent business policies and practices as alleged herein.

**V.    FIRST CAUSE OF ACTION FOR UNFAIR OR UNLAWFUL BUSINESS PRACTICES   PURSUANT TO CALIFORNIA *BUSINESS & PROFESSIONS CODE* SECTION 17200 ET SEQ.**

(As against all DEFENDANTS)

49.    As a FIRST, separate, and distinct cause of action, PLAINTIFFS complain against Defendant SOUTHWEST and DOES 1 through 50, inclusive, and re-alleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

50.     California *Business & Professions Code* Section 17200, et seq., prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice . . ." and conduct which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

51.     Defendant SOUTHWEST offers the "Early Bird Check-in" add-on to guarantee automatic check-in and assign a "priority" boarding position thirty-six (36) hours before the flight's departure time, twelve (12) hours before general check-in begins, which occurs twenty-four (24) hours prior to departure. The "Early Bird Check-in" add-on costs $25 for each round trip flight ($12.50 each way).

52.     According to Defendant SOUTHWEST'S published (misleading) AND unpublished (deceptive) boarding policies and procedures, neither "Anytime" or "Wanna Get Away" fares have priority over one another in determining boarding position, with only "Business Select" fares receiving priority over all other fare types.

53.     The "Early Bird Check-in Frequently Asked Questions" section of Defendant SOUTHWEST'S website claims that customers who have purchased "Anytime" fares will receive priority over other fare types that are assigned their position based on the timestamp of the "Early Bird Check-in" purchase.  This is in direct contradiction to the aforementioned published (misleading) AND unpublished (deceptive) boarding policies and procedures, wherein neither "Anytime" or "Wanna Get Away" fares have "priority" over one another in determining boarding position, with only "Business Select" fares receiving priority over all other fare types.

54.     This is ambiguous and misleading as to whether or not an "Anytime" fare must have the "Early Bird Check-in" add-on to receive "priority" over "Wanna Get Away" fares, or if an "Anytime" fare on its own, without the "Early Bird Check-in" add-on, will receive "priority" over "Wanna Get Away" fares. Either of these interpretations gives customers who are fraudulently enticed into purchasing "Anytime" fares priority over customers who purchase "Wanna Get Away" fares, in direct contradiction with the aforementioned published (misleading) AND unpublished (deceptive) boarding policies and procedures, wherein neither "Anytime" or "Wanna Get Away" fares have "priority" over one another in determining

**Class Action Complaint for Damages**

boarding position, with only "Business Select" fares receiving priority over all other fare types. Thus, the "Early Bird Check-in" add-on is misleading, fraudulent, and deceptive in nature.

55.     Therefore, if this deceptive business practice was known to the public, Defendant SOUTHWEST'S windfall of revenue based on misleading, deceptive, and fraudulent business practices would not exist because if customers were properly informed, as opposed to constructively and/or intentionally misled, they would NOT purchase the illusory "Early Bird" priority boarding add-on, and/or would NOT purchase a fare from Defendant SOUTHWEST.

56.     Defendant SOUTHWEST entices customers who have purchased "Wanna Get Away" or "Anytime" fares to purchase the "Early Bird Check-in" add-on to receive "priority" boarding over other customers. However, based upon the aforementioned published (misleading) AND unpublished (deceptive) boarding policies and procedures, "Anytime" fares receive priority boarding over "Wanna Get Away" fares outright, thus those with "Anytime" fares who purchase the "Early Bird Check-in" add-on only receive priority boarding over other "Anytime" fares, creating a fiction of "priority boarding." Alternatively, based upon the aforementioned published (misleading) AND unpublished (deceptive) boarding policies and procedures, "Anytime" fares with the "Early Bird Check-in" add-on receive priority over all other fare types, thus making "Wanna Get Away" fares with the "Early Bird Check-in" add-on subordinate and creating a fiction of "priority boarding."

57.     Thus, Defendant SOUTHWEST'S "Early- Bird" priority boarding is not only fiction in nature, but completely illusory as advertised.  If this deceptive business practice was known to the public, Defendant SOUTHWEST'S windfall of revenue based on misleading, deceptive, and fraudulent business practices would not exist because if customers were properly informed, as opposed to constructively and/or intentionally misled, they would NOT purchase the illusory "Early Bird" priority boarding add-on, and/or would NOT purchase a fare from Defendant SOUTHWEST.

58.     The "Early Bird Check-in Frequently Asked Questions" section of Defendant SOUTHWEST'S website states that the number of "Early Bird Check-in" add-ons will NOT be limited on each flight, allowing all eligible customers to purchase the "Early Bird Check-in" add-

**Class Action Complaint for Damages**

on. This means that all boarding positions on the plane, with the exception A one through fifteen (1-15) for "Business Select" fares and including A sixteen through sixty (16-60), B one through sixty (1-60) and C one through sixty (1-60), may purchase the "Early Bird Check-in" add-on to receive "priority boarding." A customer may purchase the "Early Bird Check-in" add-on and still receive a boarding position of C sixty (C60), the last boarding position of the flight, thus creating a fiction of "priority boarding," and making the "Early Bird Check-in" add-on misleading, fraudulent, and deceptive in nature.  If this deceptive business practice was known to the public, Defendant SOUTHWEST'S windfall of revenue based on misleading, deceptive, and fraudulent business practices would not exist because if customers were properly informed, as opposed to constructively and/or intentionally misled, they would NOT purchase the illusory "Early Bird" priority boarding add-on, and/or would NOT purchase a fare from Defendant SOUTHWEST.

59.     In addition, Defendant SOUTHWEST'S misleading, fraudulent, and deceptive boarding algorithm further perpetuates DEFENDANT'S fiction of "priority boarding." Based upon the aforementioned published (misleading) AND unpublished (deceptive) boarding policies and procedures, customers who purchase the "Early Bird Check-in" add-on are checked-in and have their boarding position reserved thirty-six (36) hours prior to flight departure.  As stated previously, all non- "Early-Bird" "priority" boarding customers can receive their boarding position starting twenty-four (24) hours prior to flight departure.  However, what the consumer does not know is that SOUTHWEST "reserves" a certain number of "A" boarding positions for "Rapid Rewards A-list preferred" and "Rapid Rewards A-list" members (not to be more thoroughly confused with SOUTHWEST'S "A" Boarding group identification).

60.     Defendant SOUTHWEST'S "Early Bird" priority program does not take into account for the passenger cancellations that occur from thirty-six (36) hours up until flight departure.  Thus, a customer can check in at the airport thirty (30) minutes prior to the subject flight and receive a HIGHER/BETTER boarding position than ALL "Early-Bird" priority add-on customers, "Anytime" fare purchasers, and/or "Wanna Get Away" fare purchasers.  This reverse algorithm, so to speak, does NOT reshuffle the pre-assigned boarding assignments upon a

cancellation of ticketed passengers, thus creating even more deception to the enticed and illusory "Early Bird" add-on fee.

61.     If this algorithm deficiency was known to the public, Defendant SOUTHWEST'S windfall of revenue based on misleading, deceptive, and fraudulent business practices would not exist because if customers were properly informed, as opposed to constructively and/or intentionally misled, they would NOT purchase the illusory "Early Bird" priority boarding add-on, and/or would NOT purchase a fare from Defendant SOUTHWEST.

62.     Furthermore, DEFENDANT'S major advertising and marketing campaign/slogan is that on SOUTHWEST "BAGS FLY FREE".  This "BAGS FLY FREE" marketing slogan is directly responsible for Defendant SOUTHWEST'S market share in the airline industry.  This is misleading by the very nature of the definition and connotation of the words.  The bags do NOT fly free.  In fact, Defendant SOUTHWEST "hides" the baggage fee and recovers their fuel-cost offset revenue under the guise of the deceptive "priority" "Early Bird" boarding program.

63.     Therefore, if this deceptive business practice was known to the public, Defendant SOUTHWEST'S windfall of revenue based on misleading, deceptive, and fraudulent business practices would not exist because if customers were properly informed, as opposed to constructively and/or intentionally misled, they would NOT purchase the illusory "Early Bird" priority boarding add-on, and/or would NOT purchase a fare from Defendant SOUTHWEST.

64.     Defendant SOUTHWEST uses this marketing slogan to entice customers to purchase tickets on DEFENDANT'S Airline.  The reason that they do not charge their customers for checked bags is because they offset the added fuel cost of the checked baggage by the windfall of revenue generated from their deceptive, fraudulent, and misleading "Early Bird Check-in" scam of $25 per roundtrip flight.  These deceptive policies, procedures, and practices of DEFENDANT allow them to increase revenues at the expense of the general public and THEIR competitors, thereby violating California unfair competition law to the core.

65.     Defendant SOUTHWEST' actions, as detailed above, are part of a statewide and/or nationwide corporate plan and scheme, which affected all customers who purchased Airline tickets and/or "Early Bird" priority boarding from Defendant SOUTHWEST.  As a direct

and proximate result of SOUTHWEST'S illegal, company-wide plan, practice and scheme, each of the PLAINTIFFS were:  (1) deceived into buying airline tickets for travel from Defendants; (2) deceived into purchasing "Early-Bird" priority boarding under false and misleading pretenses; (3) victimized by SOUTHWEST'S policies and practices set forth herein.

66.    Defendant SOUTHWEST'S' policy and practice constitutes unfair, unlawful, or fraudulent business activity prohibited by the *UCL*, *California Business & Professions Code Sections* 17200-17208.

67.     Defendant SOUTHWEST'S employment and utilization of such business practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over SOUTHWEST'S competitors.   PLAINTIFFS seek full restitution and disgorgement of said monies from SOUTHWEST, as necessary and according to proof, to restore any and all monies withheld, acquired, or converted by SOUTHWEST by means of the unfair practices complained of herein.

68.    The unlawful business practices of SOUTHWEST are likely to continue to mislead the public and present a continuing threat to the public, and unfair business practice. These violations constitute a threat and unfair business policy. The Court is authorized to order an injunction, and/or disgorgement of fees to affected members of the public as a remedy for any violations of *Business & Professions Code* Sections 17200, et seq.  In addition, PLAINTIFFS allege that SOUTHWEST violated numerous California *Penal Code* statutes.

69.    Defendant SOUTHWEST has been unjustly enriched and must be required to make restitution to Plaintiffs and other California consumers, disgorge themselves of all ill-gotten gains, and/or be subject to other equitable relief pursuant to *California Business & Professions Code* Section 17203 & 17204.  All such remedies are cumulative of relief under other laws, pursuant to *California Business & Professions Code section* 17205.  Additionally, Plaintiffs are entitled to injunctive relief and attorney's fees as available under California *Business and Professions Code* Section 17200 and related sections.

**VI.   SECOND CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW PURSUANT TO CALIFORNIA *BUSINESS & PROFESSIONS CODE* SECTION 17500 ET SEQ.**

70.    As a SECOND, separate, and distinct cause of action, PLAINTIFFS complain against Defendant SOUTHWEST and DOES 1 through 50, inclusive, and re-alleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

71.    California *Business & Professions Code* Section 17500, et seq., prohibits acts of deceptive and misleading advertising.  Specifically, "It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to.. ….induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised".

72.    Defendant SOUTHWEST'S illegal, deceptive, and misleading business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to California *Business and Professions* Code §§ 17500, *et seq*. because Defendant SOUTHWEST has advertised their Products in a manner that is untrue or misleading, or that is known to Defendant to be untrue or misleading.

73.     Specifically, SOUTHWEST has engaged in unfair business practices in California by Defendant SOUTHWEST advertising the "Early Bird Check-in" add-on to guarantee automatic check-in and assign a "priority" boarding position thirty-six (36) hours before the flight's departure time, twelve (12) hours before general check-in begins, which occurs twenty-four (24) hours prior to departure. The "Early Bird Check-in" add-on costs $25 for each round trip flight ($12.50 each way).

74.     According to Defendant SOUTHWEST'S published (misleading) AND unpublished (deceptive) boarding policies and procedures, neither "Anytime" or "Wanna Get Away" fares have priority over one another in determining boarding position, with only "Business Select" fares receiving priority over all other fare types.

75.     The "Early Bird Check-in Frequently Asked Questions" section of Defendant SOUTHWEST'S website advertises that customers who have purchased "Anytime" fares will receive priority over other fare types that are assigned their position based on the timestamp of the "Early Bird Check-in" purchase.  This is in direct contradiction to the aforementioned published (misleading) AND unpublished (deceptive) boarding policies and procedures, wherein neither "Anytime" or "Wanna Get Away" fares have "priority" over one another in determining boarding position, with only "Business Select" fares receiving priority over all other fare types.

76.     This advertising by Defendant SOUTHWEST is ambiguous and misleading as to whether or not an "Anytime" fare must have the "Early Bird Check-in" add-on to receive "priority" over "Wanna Get Away" fares, or if an "Anytime" fare on its own, without the "Early Bird Check-in" add-on, will receive "priority" over "Wanna Get Away" fares. Either of these interpretations gives customers who are fraudulently enticed into purchasing "Anytime" fares priority over customers who purchase "Wanna Get Away" fares, in direct contradiction with the aforementioned published (misleading) AND unpublished (deceptive) boarding policies and procedures, wherein neither "Anytime" or "Wanna Get Away" fares have "priority" over one another in determining boarding position, with only "Business Select" fares receiving priority over all other fare types. Thus, the "Early Bird Check-in" add-on is misleading, fraudulent, and deceptive in nature.

**Class Action Complaint for Damages**

77.     If this deceptive advertising was known to the public, Defendant SOUTHWEST'S windfall of revenue based on misleading, deceptive, and fraudulent business practices would not exist because if customers were properly informed, as opposed to constructively and/or intentionally misled, they would NOT purchase the illusory "Early Bird" priority boarding add-on, and/or would NOT purchase a fare from Defendant SOUTHWEST.

78.     Defendant SOUTHWEST entices customers who have purchased "Wanna Get Away" or "Anytime" fares to purchase the "Early Bird Check-in" add-on to receive "priority" boarding over other customers. However, based upon the aforementioned published (misleading) AND unpublished (deceptive) boarding policies and procedures, "Anytime" fares receive priority boarding over "Wanna Get Away" fares outright, thus those with "Anytime" fares who purchase the "Early Bird Check-in" add-on only receive priority boarding over other "Anytime" fares, creating a fiction of "priority boarding." Alternatively, based upon the aforementioned published (misleading) AND unpublished (deceptive) boarding policies and procedures, "Anytime" fares with the "Early Bird Check-in" add-on receive priority over all other fare types, thus making "Wanna Get Away" fares with the "Early Bird Check-in" add-on subordinate and creating a fiction of "priority boarding."  Thus, Defendant SOUTHWEST'S "Early- Bird" priority boarding is not only fiction in nature, but completely illusory as advertised. Therefore, if this deceptive business practice was known to the public, Defendant SOUTHWEST'S windfall of revenue based on misleading, deceptive, and fraudulent business practices would not exist because if customers were properly informed, as opposed to constructively and/or intentionally misled, they would NOT purchase the illusory "Early Bird" priority boarding add-on, and/or would NOT purchase a fare from Defendant SOUTHWEST.

79.     The "Early Bird Check-in Frequently Asked Questions" section of Defendant SOUTHWEST'S website states that the number of "Early Bird Check-in" add-ons will NOT be limited on each flight, allowing all eligible customers to purchase the "Early Bird Check-in" add-on. This means that all boarding positions on the plane, with the exception A one through fifteen (1-15) for "Business Select" fares and including A sixteen through sixty (16-60), B one through sixty (1-60) and C one through sixty (1-60), may purchase the "Early Bird Check-in" add-on to

receive "priority boarding." A customer may purchase the "Early Bird Check-in" add-on and still receive a boarding position of C sixty (C60), the last boarding position of the flight, thus creating a fiction of "priority boarding," and making the "Early Bird Check-in" add-on misleading, fraudulent, and deceptive in nature. Therefore, if this deceptive business practice was known to the public, Defendant SOUTHWEST'S windfall of revenue based on misleading, deceptive, and fraudulent business practices would not exist because if customers were properly informed, as opposed to constructively and/or intentionally misled, they would NOT purchase the illusory "Early Bird" priority boarding add-on, and/or would NOT purchase a fare from Defendant SOUTHWEST.

80.    Furthermore, DEFENDANT'S major advertising and marketing campaign/slogan is that on SOUTHWEST "BAGS FLY FREE".  This "BAGS FLY FREE" marketing slogan is directly responsible for Defendant SOUTHWEST'S market share in the airline industry.  This is misleading by the very nature of the definition and connotation of the words.  The bags do NOT fly free.  In fact, DEFENDANT "hides" the baggage fee and recovers their fuel-cost offset revenue under the guise of the deceptive "priority" "Early Bird" boarding program. Therefore, if this deceptive business practice was known to the public, Defendant SOUTHWEST'S windfall of revenue based on misleading, deceptive, and fraudulent business practices would not exist because if customers were properly informed, as opposed to constructively and/or intentionally misled, they would NOT purchase the illusory "Early Bird" priority boarding add-on, and/or would NOT purchase a fare from Defendant SOUTHWEST.

81.    Defendant SOUTHWEST uses this marketing slogan to entice customers to purchase tickets on their Airline.  The reason that they do not charge their customers for checked bags is because they offset the added fuel cost of the checked baggage by the windfall of revenue generated from their deceptive, fraudulent, and misleading "Early Bird" priority boarding scam of $25 per roundtrip flight.  These deceptive policies, procedures, and practices of Defendant SOUTHWEST allow them to increase revenues at the expense of the general public and THEIR competitors, thereby violating California unfair competition law to the core.

**Class Action Complaint for Damages**

82.     Defendant SOUTHWEST' actions, as detailed above, were part of a statewide and/or nationwide corporate plan and scheme, which affected all customers who purchased Airline tickets and/or "Early Bird" priority boarding from Defendant SOUTHWEST.  As a direct and proximate result of SOUTHWEST'S illegal, company-wide plan, practice and scheme, each of the PLAINTIFFS were:  (1) deceived into buying airline tickets for travel from Defendants; (2) deceived into purchasing "Early-Bird" priority boarding under false and misleading pretenses; (3) victimized by SOUTHWEST'S policies and practices set forth herein.

83.     Defendant SOUTHWEST'S' deceptive advertising policy and practice constitutes unfair, unlawful, or fraudulent business activity prohibited by the *UCL*, *California Business & Professions Code Sections* 17500.

84.      Defendant SOUTHWEST'S employment and utilization of such business practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over SOUTHWEST'S competitors.   PLAINTIFFS seek full restitution and disgorgement of said monies from SOUTHWEST, as necessary and according to proof, to restore any and all monies withheld, acquired, or converted by SOUTHWEST by means of the unfair practices complained of herein.

85.     The unlawful business practices of Defendant SOUTHWEST are likely to continue to mislead the public and present a continuing threat to the public, and unfair business practice. These violations constitute a threat and unfair business policy. The Court is authorized to order an injunction, and/or disgorgement of fees to affected members of the public as a remedy for any violations of *Business & Professions Code* sections 17500, et seq.  In addition, PLAINTIFFS allege that SOUTHWEST violated numerous California *Penal Code* statutes.

## VII.   THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT

86.     As a THIRD, separate, and distinct cause of action, PLAINTIFFS complain against Defendant SOUTHWEST and DOES 1 through 50, inclusive, and re-alleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

87.     Defendant SOUTHWEST was required to develop, create, and implement it's contract for "Early Bird" priority boarding and it's boarding procedures in a clear and understandable manner, not in a ambiguous, deceptive, fraudulent, and evasive manner.

88.     Defendant SOUTHWEST did not write the contract in a manner in which the PLAINTIFFS or the Class could possibly know that Defendant SOUTHWEST'S "Early Bird" priority boarding program, as specifically and intricately identified and stated in sections 8, 9, 10, 11, 12, 13, 14, 15, 16 ,17 ,18 ,19, 20, 21, 22, 23, 24, 25 , and 26 above and incorporated by reference herein, were part of a deceptive statewide and/or nationwide corporate plan and scheme to fraudulently generate profits at the expense of their customers and competitors, which affected all customers who purchased Airline tickets and/or "Early Bird" priority boarding from Defendant SOUTHWEST.

89.     As a direct and proximate result of SOUTHWEST'S illegal, company-wide plan, practice and scheme, each of the PLAINTIFFS were:  (1) deceived into buying airline tickets for travel from Defendants; (2) deceived into purchasing "Early-Bird" priority boarding under false and misleading pretenses; (3) victimized by SOUTHWEST'S policies and practices set forth herein.

90.     Defendant SOUTHWEST drafted their adhesion contract and entered into that same contract with PLAINTIFFS and the Class.

91.     Defendant SOUTHWEST'S deceptive, fraudulent, misleading conduct breached that contract and caused an ascertainable loss to PLAINTIFFS and the Class.

92.     PLAINTIFFS are entitled to recover all fees paid to Defendant SOUTHWEST, and DOES 1 through 50, under these deceptive, misleading, and fraudulent business practices in violation of well-settled California Unfair Competition Law, civil penalties, punitive damages, attorneys' fees and costs, and interest as authorized by California law.

93.     Because of the foregoing, PLAINTIFFS and the Class members are entitled to damages in an amount to be proven at trial

**Class Action Complaint for Damages**

## VIII.   FOURTH CAUSE OF ACTION FOR FRAUDULENT CONCEALMENT

94.     As a FOURTH, separate, and distinct cause of action, PLAINTIFFS complain against Defendant SOUTHWEST and DOES 1 through 50, inclusive, and re-alleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

95.     Defendant SOUTHWEST, and DOES 1 through 50, inclusive, actively and fraudulently concealed from PLAINTIFFS and the Class, the illegal, company-wide plan, practice and scheme, of their deceptive "Early bird" priority boarding program, as specifically and intricately identified and stated in sections 8, 9, 10, 11, 12, 13, 14, 15, 16 ,17 ,18 ,19, 20, 21, 22, 23, 24, 25 , and 26 above and incorporated by reference herein, which affected all customers who purchased Airline tickets and/or "Early Bird" priority boarding from Defendant SOUTHWEST.

96.     Specifically, Defendant SOUTHWEST took affirmative actions to conceal, suppress, hide and/or otherwise minimize the illegal company-wide practice and scheme of DEFENDANTS' deceptive, misleading, and fraudulent "Early-Bird Check in" priority boarding scam/program  as specifically and intricately identified and stated in sections 8, 9, 10, 11, 12, 13, 14, 15, 16 ,17 ,18 ,19, 20, 21, 22, 23, 24, 25 , and 26 above and incorporated by reference herein, to fraudulently generate profits at the expense of their customers and competitors, which affected all customers who purchased Airline tickets and/or "Early Bird" priority boarding from Defendant SOUTHWEST.

97.     As a direct and proximate result of Defendant SOUTHWEST'S fraudulent concealment, each of the PLAINTIFFS were:  (1) deceived into buying airline tickets for travel from Defendants; (2) deceived into purchasing "Early-Bird" priority boarding under false and misleading pretenses; and (3) victimized by SOUTHWEST'S policies and practices set forth herein, specifically and intricately identified and stated in sections 8, 9, 10, 11, 12, 13, 14, 15, 16 ,17 ,18 ,19, 20, 21, 22, 23, 24, 25 , and 26, as incorporated by reference herein.

98.     PLAINTIFFS are informed and allege herein that Defendant SOUTHWEST'S concealment in this regard was done intentionally and fraudulently with the design to prevent PLAINTIFFS and the Class from becoming aware of the full nature and extent of the fraudulent, misleading, and deceptive nature of their "priority" "Early Bird" boarding program.

99.     If this deceptive business practice was known to the public, Defendant SOUTHWEST'S windfall of revenue based on misleading, deceptive, and fraudulent business practices would not exist because if customers were properly informed, as opposed to constructively and/or intentionally misled, they would NOT purchase the illusory "Early Bird" priority boarding add-on, and/or would NOT purchase a fare from Defendant SOUTHWEST

100.     Accordingly, PLAINTIFFS are entitled to punitive and exemplary damages in an amount sufficient to punish and deter the Defendant SOUTHWEST'S conduct pursuant to *Code of Civil Procedure* Section 337.15.

## IX.     FIFTH CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION

101.     As a FIFTH, separate, and distinct cause of action, PLAINTIFFS complain against Defendant SOUTHWEST and DOES 1 through 50, inclusive, and re-alleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

102.     PLAINTIFFS are informed and believes and thereon alleges that the Defendant SOUTHWEST, and DOES 1 through 50, inclusive, and each of them, knowingly, fraudulently, actively, and intentionally, misrepresented to PLAINTIFFS and the Class, the illegal company-wide practice and scheme of DEFENDANTS' deceptive, misleading, and fraudulent "Early-Bird Check in" priority boarding scam/program.

103.     These intentional misrepresentations are specifically and intricately identified and stated in sections 8, 9, 10, 11, 12, 13, 14, 15, 16 ,17 ,18 ,19, 20, 21, 22, 23, 24, 25 , and 26 (incorporated by reference herein).

104.    These aforementioned intentional representations made by Defendant SOUTHWEST, and DOES 1 through 50, and each of them, regarding SOUTHWEST'S illusory "Early Bird" priority boarding add-on were intentionally, knowingly, and actively false and inaccurate when made, and were made with reckless disregard for their truth and accuracy.

105.    PLAINTIFFS are informed and believes and thereon alleges that Defendant SOUTHWEST, and DOES 1 through 50, and each of them, knew or should have known that the representations made by them concerning the deceptive nature of the "Early Bird" priority add-on was not justified and accurate at the time they were made, in light of the information available to said DEFENDANTS at the time the representations and were made.

106.    Said representations were made by Defendant SOUTHWEST, and DOES 1 through 50, with reckless disregard for their accuracy and with no reasonable basis for believing them to be true and accurate.

107.    PLAINTIFFS relied on the representations of said DEFENDANTS, and each of them, in causing to be paid the systematic "add-on" charge of $25 per round trip flight paid by PLAINTIFFS to DEFENDANTS, all to PLAINTIFF'S detriment in reliance that the DEFENDANTS' statements and material, intentional misrepresentations were in fact accurate when made by said DEFENDANTS.

108.    In addition, because of the fraudulent intentional misrepresentations by Defendant SOUTHWEST, and DOES 1 through 50, PLAINTIFFS were lulled into a false sense of security and a reasonable assumption that they would receive "priority" boarding, as advertised and communicated by SOUTHWEST as agreed upon, and in a manner consistent from what was charged and paid for.

109.    PLAINTIFFS were ignorant of the falsity and inaccuracies of the representations made by SOUTHWEST, until they discovered the extent and scope of Defendant SOUTHWEST'S fraudulent, intentional deceit as fully described in sections 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26, as incorporated by reference herein.

**Class Action Complaint for Damages**

110.    As a direct and proximate result of the intentional misrepresentations by Defendant SOUTHWEST, and DOES 1 through 50, and each of them, concerning the illegal and illusory "Early bird" priority boarding program, as alleged herein, PLAINTIFFS have suffered and are continuing to suffer severe and permanent financial damage in an amount not yet ascertained, but in excess of the jurisdictional minimum of this Court.

111.    As a result of the foregoing, PLAINTIFFS and the Class members are entitled to damages in an amount to be proven at the time of trial in this matter.

## X.    SIXTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION

111.    As a SIXTH, separate, and distinct cause of action, PLAINTIFFS complain against Defendant SOUTHWEST and DOES 1 through 50, inclusive, and re-alleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

112.    PLAINTIFFS are informed and believes and thereon alleges that the Defendant SOUTHWEST, and DOES 1 through 50, inclusive, and each of them, negligently misrepresented to PLAINTIFFS and the Class, the illegal company-wide practice and scheme of Defendant SOUTHWEST'S deceptive, misleading, and fraudulent "Early-Bird" priority boarding program.

113.    These negligent misrepresentations are specifically and intricately identified and stated in sections 8, 9, 10, 11, 12, 13, 14, 15, 16 ,17 ,18 ,19, 20, 21, 22, 23, 24, 25 , and 26 (incorporated by reference herein).

114.    These aforementioned negligent representations made by Defendant SOUTHWEST, and DOES 1 through 50, and each of them, regarding SOUTHWEST'S illusory "Early Bird" priority boarding add-on were negligently false and inaccurate when made, and were made with reckless disregard for their truth and accuracy.

115.    PLAINTIFFS are informed and believes and thereon alleges that Defendant SOUTHWEST, and DOES 1 through 50, and each of them, knew or should have known that the representations and warranties made by them concerning the deceptive nature of the "Early Bird"

priority add-on was not justified and accurate at the time they were made, in light of the information available to Defendant SOUTHWEST at the time the representations and were made.

116.     These representations were made by Defendant SOUTHWEST, and DOES 1 through 50, with reckless disregard for their accuracy and with no reasonable basis for believing them to be true and accurate.

117.     PLAINTIFFS relied on the negligent representations and of Defendant SOUTHWEST, and each of them, in causing to be paid the systematic "add-on" charge of $25 per round trip flight paid by PLAINTIFFS to Defendant SOUTHWEST, all to PLAINTIFFS' detriment in reliance that the SOUTHWEST'S statements and material, intentional misrepresentations were in fact accurate when made by Defendant SOUTHWEST.

118.     In addition, because of the negligent misrepresentations by SOUTHWEST, PLAINTIFFS were lulled into a false sense of security and a reasonable assumption that they would receive "priority" boarding, as advertised and communicated by Defendant SOUTHWEST as agreed upon, and in a manner consistent from what was charged and paid for.

119.     PLAINTIFFS were ignorant of the falsity and inaccuracies of the representations and warranties made by SOUTHWEST, until they discovered the extent and scope of Defendant SOUTHWEST'S negligent misrepresentations as specifically and intricately identified and stated sections 8, 9, 10, 11, 12, 13, 14, 15, 16 ,17 ,18 ,19, 20, 21, 22, 23, 24, 25 , and 26, as incorporated by reference herein.

120.     As a direct and proximate result of the negligent misrepresentations by Defendant SOUTHWEST, and DOES 1 through 50, and each of them, concerning the illegal and illusory "Early bird" priority boarding program, as alleged herein, PLAINTIFFS have suffered and are continuing to suffer severe and permanent financial damage in an amount not yet ascertained, but in excess of the jurisdictional minimum of this Court.

121.     As a result of the foregoing, PLAINTIFFS and the Class members are entitled to damages in an amount to be proven at the time of trial in this matter.

## XI.   SEVENTH CAUSE OF ACTION FOR BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING

122.     As a SEVENTH, separate, and distinct cause of action, PLAINTIFFS complain against Defendant SOUTHWEST and DOES 1 through 50, inclusive, and re-alleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

123.     Defendant SOUTHWEST and DOES 1 through 50, acted intentionally, fraudulently, and deceptively in bad faith to frustrate the benefits owed to the PLAINTIFFS and the Class under their publicly advertised deceptive and fraudulent "Early Bird" priority boarding program.

124.     Specifically, PLAINTIFFS are informed and believes and thereon alleges that the Defendant SOUTHWEST, and DOES 1 through 50, inclusive, and each of them, in bad faith, knowingly, fraudulently, actively, and intentionally, misrepresented to PLAINTIFFS and the Class, the illegal company-wide practice and scheme of DEFENDANTS' deceptive, misleading, and fraudulent "Early-Bird Check in" priority boarding scam/program, as specifically and intricately identified and stated in sections 8, 9, 10, 11, 12, 13, 14, 15, 16 ,17 ,18 ,19, 20, 21, 22, 23, 24, 25 , and 26, as incorporated by reference herein.

125.     As such, Defendant SOUTHWEST'S failure to deal fairly and in good faith caused damage to PLAINTIFFS and the Class, as each of the PLAINTIFFS were:  (1) deceived into buying airline tickets for travel from Defendants; (2) deceived into purchasing "Early-Bird" priority boarding under false and misleading pretenses; (3) victimized by SOUTHWEST'S policies and practices set forth herein, in addition to the plethora of other concealed, misrepresented, and deceptive business practices,  as stated in sections 8, 9, 10, 11, 12, 13, 14, 15, 16 ,17 ,18 ,19, 20, 21, 22, 23, 24, 25 , and 26, as incorporated by reference herein.

**Class Action Complaint for Damages**

126.     As a result of the foregoing, PLAINTIFFS and the Class members are entitled to damages in an amount to be proven at the time of trial in this matter.

## XII.   EIGHTH CAUSE OF ACTION FOR WILLFUL MISCONDUCT

127.     As a EIGHTH, separate, and distinct cause of action, PLAINTIFFS complain against Defendant SOUTHWEST and DOES 1 through 50, inclusive, and re-alleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

128.     PLAINTIFFS are informed and believes and thereon alleges that willful misconduct occurred in the design, creation, implementation, and dissemination of Defendant SOUTHWEST'S fraudulent "Early Bird" priority boarding program, as specifically and intricately identified and stated in sections 8, 9, 10, 11, 12, 13, 14, 15, 16 ,17 ,18 ,19, 20, 21, 22, 23, 24, 25 , and 26, as incorporated by reference herein .

129.     The proximate result of Defendant SOUTHWEST'S intentional willful misconduct caused damage to PLAINTIFFS and the Class, in that each of the PLAINTIFFS were:  (1) deceived into buying airline tickets for travel from Defendants; (2) deceived into purchasing "Early-Bird" priority boarding under false and misleading pretenses; (3) victimized by SOUTHWEST'S policies and practices set forth herein, in addition to the plethora of other concealed, misrepresented, and deceptive business practices,  as stated in sections 8, 9, 10, 11, 12, 13, 14, 15, 16 ,17 ,18 ,19, 20, 21, 22, 23, 24, 25 , and 26, as incorporated by reference herein.

130.     As a As a result of the foregoing, PLAINTIFFS and the Class members are entitled to damages in an amount to be proven at the time of trial in this matter.

## XIII.   NINTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

131.     As a NINTH, separate, and distinct cause of action, PLAINTIFFS complain against Defendant SOUTHWEST and DOES 1 through 50, inclusive, and re-alleges all the

allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

132.   Defendant SOUTHWEST engaged in the deceptive, fraudulent, and misleading "Early Bird" priority boarding program directly with PLAINTIFFS and the Class, as specifically and intricately identified and stated in sections 8, 9, 10, 11, 12, 13, 14, 15, 16 ,17 ,18 ,19, 20, 21, 22, 23, 24, 25 , and 26, as incorporated by reference herein.

133.   Such illegal, intentional, deceptive business practices of Defendant SOUTHWEST caused damage to PLAINTIFFS and the Class each of the PLAINTIFFS were: (1) deceived into buying airline tickets for travel from Defendants; (2) deceived into purchasing "Early-Bird" priority boarding under false and misleading pretenses; (3) victimized by SOUTHWEST'S policies and practices set forth herein,  as specifically and intricately identified and stated in sections 8, 9, 10, 11, 12, 13, 14, 15, 16 ,17 ,18 ,19, 20, 21, 22, 23, 24, 25 , and 26, as incorporated by reference herein.

134.   The enrichment of Defendant SOUTHWEST was at the direct expense of PLAINTIFFS and the Class.

135.   The circumstances were such that equity and good conscience require Defendant SOUTHWEST to make full restitution to PLAINTIFFS and the Class.

136.   Defendant SOUTHWEST has failed to make restitution.

137.   As a result of Defendant SOUTHWEST'S actions, or lack thereof, PLAINTIFFS and the Class have been damaged in an exact amount to be proven at the time of trial in this matter.

### **PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFFS**, on behalf of themselves, behalf of themselves and all customers and former customers of Defendant SOUTHWEST, and DOES 1 through 50, within the State of California who, within the Liability Period, have purchased Airline tickets and/or

"Early Bird" priority boarding from Defendant SOUTHWEST, and on behalf of the general public, request the following relief:

1.   A determination that this action may proceed and be maintained by PLAINTIFFS as a class action pursuant to *Federal Rules of Civil Procedure*, Rules 23(a) and 23(b)(3) on behalf of themselves and the class or classes of employees alleged herein;

2.   The issuance of notice pursuant to *Federal Rules of Civil Procedure*, Rule 23 to all PLAINTIFF class members who have purchased Airline tickets and/or Early Bird boarding from Defendant SOUTHWEST within the four (4) year period preceding the filing of this Complaint in accordance with the statute of limitations of the *UCL, California Business & Professions Code Sections* 17200 et. seq. and 17500 et. seq.;

3.   A declaratory judgment that SOUTHWEST has violated the Unfair Competition provisions of the *California Business & Professions Code Sections* 17200-17208, with its false, deceptive, fraudulent, willful, and misleading business practices as to the PLAINTIFFS and all similarly situated class members;

4.   A declaratory judgment that SOUTHWEST fraudulently concealed, omitted, and or failed to disclose material facts;

5.   A declaratory judgment that SOUTHWEST negligently misrepresented material facts to a substantial segment of its audience;

6.   A declaratory judgment that SOUTHWEST intentionally misrepresented material facts to a substantial segment of its audience;

7.   A declaratory judgment that SOUTHWEST breached the covenant of good faith and fair dealing to a substantial segment of its audience;

8.   A declaratory judgment that SOUTHWEST has been unjustly enriched through its false, deceptive, fraudulent, and misleading business practices;

9.     A declaratory judgment that members of the Class are entitled to actual damages, entry of final judgment and injunctive relief compelling Defendant SOUTHWEST to cease its fraudulent and deceptive advertising practices;

10.    A declaratory judgment that SOUTHWEST deliberately misrepresented or failed to disclose material facts to Plaintiffs and the Class;

11.    A declaratory judgment that SOUTHWEST'S conduct constitutes an unconscionable business practice;

12.    A declaratory judgment that, with regard to PLAINTIFFS' claims under *California Business &Professions Code Sections* 17200 et. seq. and 17500 et. seq., PLAINTIFFS are entitled to a four (4) year statute of limitations;

13.    A permanent injunction enjoining Defendant SOUTHWEST and any and all persons acting in concert or in participation with SOUTHWEST from directly or indirectly committing the unlawful, unfair, and deceptive business acts and practices as alleged above, pursuant to the Unfair Competition provisions of the *California Business & Professions Code Sections* 17200 et. seq. and 17500 et. seq.;

14.    An award to PLAINTIFFS of restitution and/or disgorgement of all amounts owed for SOUTHWEST'S violation of the Unfair Competition provisions of the *California Business & Professions Code Sections* 17200 et. seq. and 17500 et. seq., with its false, deceptive, fraudulent, willful, and misleading business practices as to the PLAINTIFFS and all similarly situated class members, and interest subject to proof at the time of trial;

15.    An award to PLAINTIFFS of reasonable attorneys' fees and costs pursuant to *California Civil Code Section* 1021.5 and *California Business & Professions Code Sections* 17200 et. seq. and 17500 et. seq..

16.    An award of pre and post judgment interest; and

17.    An award of such other and further relief as this Court may deem just and appropriate.

**PLAINTIFFS' DEMAND FOR JURY TRIAL**

PLAINTIFFS, on behalf themselves and all other similarly situated customers and former customers of Defendant SOUTHWEST within the State of California who, within the Liability Period, have purchased Airline tickets and/or Early Bird boarding from SOUTHWEST, and on behalf of the general public, hereby demand trial of these claims by jury to the extent authorized by law.

DATED: October  9th , 2014

By: _Kristopher P. Badame_
_____
Kristopher P. Badame,
**BADAME & ASSOCIATES, APC**
Attorneys for PLAINTIFFS

**Class Action Complaint for Damages**