UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT J. ZAMMETTI and MICHAEL J. LOWRY,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHWEST AIRLINES, CO.,<br><br>Defendant. | Case No.: SACV 14-01792-CJC(ANx)<br><br>**ORDER DENYING PLAINTIFFS'** *EX PARTE* **APPLICATION FOR RELIEF FROM LOCAL RULE 23-3** |

**I. INTRODUCTION & BACKGROUND**

Plaintiffs Robert J. Zammetti and Michael J. Lowry, individually and on behalf of all persons similarly situated (together, "Plaintiffs"), filed a class action complaint against Defendant Southwest Airlines, Co. ("Southwest") on November 10, 2014.  (Dkt. No. 1.)

Four days later, Plaintiffs filed the First Amended Complaint ("FAC") alleging deceptive airfare-pricing practices by Southwest and asserting nine causes of action. (Dkt. No. 11 [FAC].) On December 5, 2014, Southwest filed a motion to dismiss the FAC for failure to state a claim. (Dkt. No. 14.) On January 14, 2015, the Court issued an order dismissing seven of the nine causes of action based on preemption under the Airline Deregulation Act. (Dkt. No. 24.) Before the Court is Plaintiffs' *ex parte* application, filed February 28, seeking relief from Local Rule 23-3. (Dkt. No. 26.)[1] For the following reasons, the Court DENIES Plaintiffs' *ex parte* application.

## II. ANALYSIS

*Ex parte* applications call for emergency relief that is rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A plaintiff must show that her case will be "irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and that she is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. Plaintiffs seek relief from Local Rule 23-3, which provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action . . . ." L.R. 23-3; *see also* Fed. R. Civ. P. 23(c)(1)(A) ["At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."]. Local rules have the force of law and are binding upon the parties and upon the court. *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994).

---

[1] Also pending before the Court is Southwest's regularly noticed motion to strike class allegations from the FAC for noncompliance with Local Rule 23-3, which is set for hearing on April 6, 2015. (Dkt. No. 29.)

Plaintiffs have failed to demonstrate that *ex parte* relief is justified. Plaintiffs argue they will be prejudiced if regularly noticed motion procedures are followed because a motion for relief from Local Rule 23-3 would not be heard until after Southwest's motion to strike class allegations. Plaintiffs then offer two reasons why the Court should grant *ex parte* relief. First, Plaintiffs contend that they were contemplating—but ultimately decided against—filing a second amended complaint, which would purportedly reset the 90-day clock. Second, Plaintiffs argue that due to Southwest's pending motion to dismiss, they did not have sufficient time to prepare a motion for class certification. Neither of these reasons demonstrates excusable neglect; in fact, they only show that the present crisis is one of Plaintiffs' own making.

The 90-day clock to file a motion for class certification begins "after service of a pleading purporting to commence a class action." L.R. 23-3. Assuming *arguendo* that filing an amended complaint resets the 90-day clock, the deadline based on the later, FAC-filing date of November 14 expired on February 12, 2015. In missing this deadline, Plaintiffs point to their ongoing intent and preparations to file a second amended complaint. However, Plaintiffs only had until December 26, 2014—21 days after Southwest's December 5 filing date of the motion to dismiss—to amend as of right. *See* Fed. R. Civ. P. 15(a)(1)(B) [permitting amendment as of right "21 days after service of a responsive pleading or . . . motion under Rule 12(b), (e), or (f), whichever is earlier"]. After December 26, Plaintiffs could have amended only with permission from the opposing party or the Court. *See* Fed. R. Civ. P. 15(a)(2). More importantly, Plaintiffs' counsel states that the decision not to file an amended complaint was made on February 25, 2015 during a Rule 26(f) conference among the parties—13 days after the Local Rule 23-3's deadline had passed. (Dkt. No. 26-1, Decl. of Kristopher P. Badame ISO Pls.' Appl. ¶¶ 11–15.) In other words, Plaintiffs intentionally allowed the 90-day deadline to expire without any word to the Court, and then expected to be given permission to file a belated amended complaint that would purportedly reset the 90-day clock. Such

reasoning does not amount to excusable neglect and only presents the Court with serious concerns as to the adequacy of proposed class counsel and class representatives.

Nor is the Court persuaded by Plaintiffs' arguments regarding Southwest's pending motion to dismiss. Plaintiffs were on notice of the deadline imposed by Local Rule 23-3 starting in early November when they filed this action in the Central District of California. Plaintiffs were also aware that there was a pending motion to dismiss filed on December 5 and that an order on the motion would be forthcoming in mid-to-late January. And yet Plaintiffs did not timely anticipate that they would need more time to file a motion for class certification. Indeed, even after the Court issued its order on Southwest's motion on January 14, Plaintiffs could have followed regularly noticed motion procedures to request a continuance and avoid an *ex parte* application. Instead, no notice was provided to the Court until over two weeks *past* the deadline and in the form of an improper *ex parte* application. Plaintiffs have not demonstrated that they are without fault in creating the crisis from which they now seek relief.

**III.  CONCLUSION**

For the foregoing reasons, Plaintiffs' *ex parte* application for relief from Local Rule 23-3 is DENIED.

DATED:     March 9, 2015

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE